# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**LAURA LIBASSI,**

        Plaintiff,

vs.

**ABE'S MOTEL and
FLY SHOP, INC., d/b/a
El Pescador Restaurant,**

        Defendant.

No. CIV 09-359
**JURY DEMAND IS MADE**

## COMPLAINT FOR WRONGFUL TERMINATION OF EMPLOYMENT AS THE RESULT OF DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE NEW MEXICO HUMAN RIGHTS ACT, FOR RETALIATION CONTRARY TO THE FAMILIES AND MEDICAL LEAVE ACT, FOR NEW MEXICO COMMONLAW TORT, AND FOR PUNITIVE DAMAGES

**LAURA LIBASSI**, Plaintiff herein, by and through her attorney, Dennis W. Montoya, **MONTOYA LAW, INC.,** for her Complaint states:

## PARTIES

1. Plaintiff, **LAURA LIBASSI,** at all times material to this Complaint, was a resident of San Juan County, within the State and federal judicial district of New Mexico and an employee of the Defendant, serving there in the capacities of Maintenance Director and Assistant Maintenance Director.

2. Defendant **ABE'S MOTEL AND FLY SHOP, INC., d/b/a El Pescador Restaurant,** is a New Mexico Corporation doing business in the State and federal judicial district of New Mexico, County of San Juan.

## **JURISDICTION AND VENUE**

3. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

4. The acts and omissions giving rise to this litigation took place within the federal judicial district of New Mexico.

5. The Plaintiff is a resident of the federal judicial district of New Mexico, as is the Plaintiff.

6. All acts and omissions complained of herein occurred in the context of the Plaintiff's work-related activities, which were entirely New Mexico based.

7. This lawsuit is brought, in part, pursuant to 42 U.S.C. §12101 Et Seq., which is better known as the Americans With Disabilities Act, and prohibits, in relevant part, discrimination against any person by reason of that person's disability status or perceived disability status, and also prohibits retaliation against any person for the filing of any complaint of prohibited discrimination by virtue of disability status.

8. This lawsuit is also brought, in part, pursuant to the New Mexico Human Rights Act, NMSA 1978, §28-1-1, Et Seq., which prohibits, in relevant part, discrimination against any person by reason of that person's disability status or perceived disability status, and also prohibits retaliation against any person for the

filing of any complaint of prohibited discrimination by virtue of disability status.

9. This lawsuit is brought, in part, pursuant to the anti-retaliation provisions of the Families and Medical Leave Act (FMLA), 29 U.S.C. § 2615(a)(2), and the judicial doctrine announced in *Campbell vs. Gambro Healthcare, Inc.,* 478 F.3d 1282, 1287 (10th Cir. 2007), to the effect that "a retaliation claim may be brought when the employee successfully took FMLA leave . . ." [and is subsequently the target of retaliation by the employer].

10. This lawsuit is brought, in part, pursuant to the judicial doctrine announced in *Gandy vs. Wal-Mart Stores, Inc.*, 117 N.M. 441, 872 P.2d 859 (1994), which held:

> The question is whether a common-law tort action for retaliatory discharge may be brought when the claimant alleges that she was discharged from her employment because she earlier sought relief against her employer under the New Mexico Human Rights Act, NMSA 1978, Sections 28-1-1 to -15 (Repl. Pamp. 1991). We hold that it may.

11. Jurisdiction and venue in this case are appropriate in the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §1343. Jurisdiction and venue over Plaintiff's state law claims is available pursuant to the Court's supplemental jurisdiction.

## **FACTS COMMON TO ALL COUNTS**

12. Plaintiff, Laura Libassi, at times relevant to this Complaint was employed as a cook at El Pescador Restaurant, a commercial dining facility located in Navajo Dam, San Juan County, New Mexico.  She began her employment there in approximately May of 2006.

13. In July of 2007, Plaintiff sustained an injury that required her to take leave under the Families and Medical Leave Act (FMLA).  On July 29, 2007, Ms. Libassi was released by her doctor to return to work.  Plaintiff actually returned to work on August 4, 2007.

14. Ms. Libassi successfully completed 7 ½ hours of her assigned work shift on August 4, 2007, when she was told by responsible management representatives of the Defendant she was being terminated from her employment because management lacked confidence that Plaintiff could perform her work.

15. Plaintiff offered to work in any other position for the Defendant, and was told that there was no such duty available for her.  Instead of working with Plaintiff to accommodate her disability or perceived disability, Defendant fired Plaintiff.

16. Plaintiff filed timely complaints of prohibited discrimination through the United States Equal Employment Opportunity Commission (EEOC) and

through the New Mexico Department of Workforce Solutions, Human Rights Division (NMHRD).

17. All administrative prerequisites to filing suit have been satisfied, and this suit is timely filed.

## COUNT I:  DISCRIMINATION CONTRARY TO THE AMERICANS WITH DISABILITIES ACT

18. The foregoing paragraphs are herein incorporated as if fully set forth.

19. The acts and omissions practiced against the Plaintiff constitute discrimination in violation of the Americans With Disabilities Act.

20. Plaintiff was harmed and damaged by said discrimination, in an amount to be established at trial, for which she is entitled to just and fair compensation.

**WHEREFORE,** Plaintiff prays for trial by jury as to this count, and as to all counts so triable set forth in this Complaint, and after trial, for an award of compensatory damages, reasonable attorney's fees, and costs of this action.

## COUNT II:  DISCRIMINATION CONTRARY TO THE NEW MEXICO HUMAN RIGHTS ACT

21. The foregoing paragraphs are herein incorporated as if fully set forth.

22. The acts and omissions practiced against the Plaintiff constitute discrimination in violation of the New Mexico Human Rights Act.

23. Plaintiff was harmed and damaged by said discrimination, in an amount

to be established at trial, for which she is entitled to just and fair compensation.

**WHEREFORE,** Plaintiff prays for trial by jury as to this count, and as to all counts so triable set forth in this Complaint, and after trial, for an award of compensatory damages, reasonable attorney's fees, and costs of this action.

### COUNT III: RETALIATION CONTRARY TO THE ANTI-RETALIATION PROVISIONS OF THE FAMILIES AND MEDICAL LEAVE ACT

24. The foregoing paragraphs are herein incorporated as if fully set forth.

25. The acts and omissions practiced against the Plaintiff were in violation of the anti-retaliation provisions of the Families and Medical Leave Act (FMLA).

26. Plaintiff was harmed and damaged by said retaliation, in an amount to be established at trial, for which she is entitled to just and fair compensation.

**WHEREFORE,** Plaintiff prays for trial by jury as to this count, and as to all counts so triable set forth in this Complaint, and after trial, for an award of compensatory damages, reasonable attorney's fees, and costs of this action.

### COUNT IV: NEW MEXICO COMMONLAW TORT OF RETALIATORY WRONGFUL DISCHARGE

27. The foregoing paragraphs are herein incorporated by reference as if fully set forth.

28. The discharge of the Plaintiff from her employment constituted the New Mexico common law tort of retaliatory wrongful discharge.

29. Plaintiff was harmed and damaged by said retaliation, in an amount to be established at trial, for which she is entitled to just and fair compensation.

**WHEREFORE,** Plaintiff prays for trial by jury as to this count, and as to all counts so triable set forth in this Complaint, and after trial, for an award of compensatory damages, reasonable attorney's fees, and costs of this action.

## COUNT V: PUNITIVE DAMAGES

30. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

31. The acts of the Defendant were intentional, reckless, malicious, and undertaken with the intent to harm the Plaintiff, and did, in fact, result in harm to the person of the Plaintiff, so that an award of punitive damages is appropriate with respect to this Defendant, so as to dissuade it and others from acting in the same or similar fashion in the future.

**WHEREFORE,** Plaintiff prays for trial by jury as to this count, and as to all counts so triable set forth in this Complaint, and after trial, for an award of punitive damages, reasonable attorney fees, and costs of this action.

Respectfully Submitted,
**MONTOYA LAW, INC.**

BY:

_____
Dennis W. Montoya
Attorney for Plaintiff
P.O. Box 15235
Rio Rancho, NM  87174-0235

(505) 246-8499
(505) 246-8599 (Facsimile)